NOT DESIGNATED FOR PUBLICATION

No. 120,723

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON RICHARD CRABBS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; MIKE KEELEY, judge. Opinion filed February 14, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  Jason Richard Crabbs appeals the Rice County District Court's decision to revoke his probation and impose his original sentence after he admitted committing numerous additional crimes. We granted Crabbs' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47) in the absence of any response from the State. Finding no error in the district court's ruling, we affirm.

On August 8, 2016, Crabbs pled guilty to identity theft and forgery. On July 5, 2017, the Rice County District Court sentenced Crabbs to 18 months in prison and granted a dispositional departure to probation with community corrections for 18 months.

1

Between November 2017 and September 2018, Crabbs repeatedly violated his probation. A November 16, 2017 report showed that Crabbs failed to abide by the terms of his probation in his Reno County criminal case, resulting in a probation violation in this case. Specifically, the report from his intensive supervision officer (ISO) in Reno County stated that he was unsuccessfully discharged from substance abuse treatment, he admitted to using methamphetamine and marijuana, he failed to provide a urine sample as directed by his Reno County ISO, and he left Reno County without his ISO's permission. A February 6, 2018 report showed that Crabbs violated his probation when he committed new crimes in Oklahoma in December 2017, he failed to get permission from his Rice County ISO to leave the state, and he committed several new crimes in Reno County between late November and early December 2017, resulting in three new criminal cases against him. A September 10, 2018 report showed that Crabbs again violated his probation when he failed to report to his ISO after bonding out of jail in May 2018 and had not reported since that time.

On October 17, 2018, Crabbs appeared before the Rice County District Court and admitted to the probation violation allegations in all three reports. The district court found that Crabbs violated his probation but took the disposition of this case under advisement until the Reno County District Court resolved Crabbs' new criminal cases. On November 1, 2018, after Crabbs had been convicted in his Reno County criminal cases, the Rice County District Court revoked Crabbs' probation and ordered him to serve his original 18-month prison sentence. Crabbs timely appeals.

In his motion for summary disposition, Crabbs contends that the Rice County District Court abused its discretion by revoking his probation and imposing his original prison sentence. He offers no additional argument and concedes that he admitted to the probation violations, giving the district court the discretion to revoke his probation.

K.S.A. 2018 Supp. 22-3716 outlines the procedure for revoking a defendant's probation. Generally, after evidence of a probation violation has been established, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The movant bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

After reviewing the record, we find that the Rice County District Court did not abuse its discretion in revoking Crabbs' probation and imposing his original prison sentence. The district court understood the controlling law and the particular facts in this case. Under K.S.A. 2018 Supp. 22-3716(c)(8)(A) when an offender commits a new felony or misdemeanor while on probation, the district court may revoke probation without imposing intermediate sanctions and impose the original sentence. Here, the record shows that Crabbs had four felony and misdemeanor charges filed against him in Oklahoma in December 2017, two felony and misdemeanor charges filed against him in Reno County in November 2017, and seven felony and misdemeanor charges filed against him in Reno County in December 2017 while Crabbs was still on probation in this case. That's an inglorious record to say the least. And Crabbs was convicted of multiple crimes in those cases. Pursuant to K.S.A. 2018 Supp. 22-3716(c)(8)(A), the district court acted well within its discretion to revoke Crabbs' probation without imposing any intermediate sanctions. A reasonable person could agree with the district court's decision, and its decision was not based on an error of law or fact. Because Crabbs fails to show that the district court abused its discretion in revoking his probation, the court's ruling is affirmed.

Affirmed.